1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MICHAEL GONZALES,              ) NO. CV 16-7604-CAS(E)
                                    )
12           Plaintiff,             )
                                    )
13       v.                         ) ORDER TO SHOW CAUSE
                                    )
14   FERRSO, et al.,                )
                                    )
15           Defendants.            )
     _____)
16

17

18       Plaintiff, a state prisoner incarcerated at the California

19   Correctional Institution at Tehachapi, California ("CCI"), filed this

20   civil rights action pursuant to 42 U.S.C. section 1983 on October 12,

21   2016.  Defendants are CCI prison officials.  Plaintiff alleges that

22   various Defendants assaulted Plaintiff, placed drugs in Plaintiff's

23   meals, interfered with Plaintiff's legal mail and hindered Plaintiff's

24   ability to file grievances.  Although Plaintiff sues only CCI

25   officials, attachments to the Complaint suggest that Plaintiff also

26   may intend to assert claims against prison officials at the Corcoran

27   State Prison.

28   ///

1   The California Correctional Institution at Tehachapi, California,

2   is located in Kern County, within the Eastern District of California.

3   See Nava c. Gonzales, 2010 WL 796757, at *2 & n.2 (E.D. Cal. Mar. 5,

4   2010); 28 U.S.C. § 84(b).  The Corcoran State Prison is located in

5   Kings County, California, also within the Eastern District of

6   California.  See Fisher v. Brown, 2014 WL 109497, at *1 (E.D. Cal.

7   Jan. 10, 2014).

8

9   Section 1391(b) of Title 28, United States Code, provides:

10

11   A civil action may be brought in --

12

13   (1) a judicial district in which any defendant resides, if

14   all defendants are residents of the State in which the

15   district is located;

16

17   (2) a judicial district in which a substantial part of the

18   events or omissions giving rise to the claim occurred, or a

19   substantial part of property that is the subject of the

20   action is situated; or

21

22   (3) if there is no district in which an action may otherwise

23   be brought as provided in this section, any judicial

24   district in which any defendant is subject to the court's

25   personal jurisdiction with respect to such action.

26

27   Here, it appears that all Defendants reside in the Eastern

28   District of California, and that the events or omissions giving rise

1 | to Plaintiff's purported claims allegedly occurred within the Eastern

2 | District of California.

3 |

4 |     Section 1406(a) of Title 28, United States Code, provides:

5 |

6 |          The district court of a district in which is filed a

7 |          case laying venue in the wrong division or district

8 |          shall dismiss, or if it be in the interest of justice,

9 |          transfer such case to any district or division in which

10 |          it could have been brought.

11 |

12 |     This Court has the power to decide the venue issue on its own

13 | motion and to dismiss or transfer the action before a responsive

14 | pleading is filed.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th

15 | Cir. 1986).

16 |

17 |     Within thirty (30) days of the date of this Order, the parties

18 | shall show cause in writing, if there be any, why this action should

19 | not be transferred to the United States District Court for the Eastern

20 | District of California on the ground that venue is improper in the

21 | Central District of California.  Failure timely to respond to this

22 | Order to Show Cause may result in the transfer of the action.

23 |

24 |     DATED:  October 18, 2016.

25 |

26 |                                    _____/s/_____

27 |                                    CHARLES F. EICK
                                       UNITED STATES MAGISTRATE JUDGE

28 |

3