UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>GARCIA, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01813-DAD-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE<br><br>(ECF NOS. 51, 52, & 56) |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 14, 2018, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Colin Shaff telephonically appeared on behalf of Defendants.

During the Conference, the Court and the parties discussed whether the case should be scheduled, or whether the issue of exhaustion of administrative remedies should be addressed first. With the input of the parties, the Court determined that the best way to move forward with this case is to address the issue of exhaustion before scheduling the case generally.[1]

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] IT IS ORDERED[4]

---

[1] As the Court noted during the conference, the Court may order that the case go forward at any time based on information it receives regarding this defense.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1

that:

1. Defendants have until July 13, 2018, to file a motion for summary judgment based on failure to exhaust available administrative remedies. If Defendants decide not to file such a motion, they shall promptly file and serve a notice to stating that they will not file such a motion. Plaintiff's opposition is due no later than August 31, 2018. Defendants' reply is due no later than September 21, 2018.[5]

2. As Defendants indicated that they are searching for additional documents related to whether Plaintiff exhausted his available administrative remedies, if Defendants find any such documents, they are to produce a copy of those document(s) to Plaintiff within fourteen days of receiving the document(s). Defendants do not need to produce documents that they have already produced.

3. Plaintiff has until June 13, 2018, to serve Defendants with copies[6] of all documents in his possession related to whether he exhausted his available administrative remedies as to his allegations in this case, including the 602s discussed at the hearing. Plaintiff does not need to serve Defendants with copies of documents he

---

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[4] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

[5] As discussed on the record at the Conference, Defendants' reply was due by September 14, 2018. However, Plaintiff's Ex Parte Request for Modification to the Court's Scheduling Order (ECF No. 56) is GRANTED, and the reply is due no later than September 21, 2018.

[6] The prison shall permit Plaintiff to make these copies.

1. attached to his complaint.
2. Plaintiff's request for transfer of exhibits (ECF No. 51) and motion for extension of time to file his initial disclosures (ECF No. 52) are GRANTED for the reasons stated on the record. The Court will treat ECF Nos. 71 & 72 in case number 1:15-cv-00924, E.D. CA, as Plaintiff's initial disclosures, and they are deemed served on Defendants. Additionally, Plaintiff has until June 13, 2018, to serve Defendants with a supplement to his initial disclosures. As discussed in the Court's prior order (ECF No. 44), Plaintiff shall provide Defendants with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.); and
3. Except as provided in this order, discovery is stayed.

IT IS SO ORDERED.

Dated: **May 15, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE