UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARCIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01813-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**<br><br>(ECF No. 58)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS** |

## I. INTRODUCTION

Michael Gonzales ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds against J. Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, A. Takara, and Franklin (collectively, "Defendants"), correctional officers at the California Correctional Institution ("CCI") in Tehachapi, California, on Plaintiff's claim that the defendants introduced antipsychotic drugs into his meals in violation of the Fourteenth Amendment. (ECF Nos. 1, 40, 42.)

On July 10, 2018, J. Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, and A. Takara (collectively, "the moving defendants") filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing this action. (ECF No. 58.) In anticipation of the moving defendants' motion for summary judgment, on July 2, 2018, Plaintiff filed an opposition. (ECF No. 61.) On September 21, 2018, the moving defendants filed their reply. (ECF No. 63.)

1

For the reasons set forth below, the Court recommends that the moving defendants' motion for summary judgment be granted. The Court also recommends that Defendant Franklin be granted judgment as a matter of law and that all claims against said defendant be dismissed.

## II. BACKGROUND

Plaintiff filed the Complaint commencing this action on October 12, 2016. (ECF No. 1). Plaintiff alleges that he was housed in 4A facility, unit 7, cell 105 at CCI. Defendants J. Garcia, A. Herrick, L. Escalante, M. Rodriguez, Franklin, T. Brosmer, T. Davis, B. Zavala, and A. Takara worked the second and third watch in the 4A-7-unit. For approximately two months, Defendants placed antipsychotic drugs that have dangerous side effects in Plaintiff's meals daily.

Plaintiff alleges that on July 19, 2016, or July 20, 2016, after Defendants had already begun medicating his meals, Defendant Davis instructed the other officers to place antipsychotic drugs in Plaintiff's meals. Defendants placed antipsychotic medication in his food on specific dates as follows: Defendants Escalante and Zavala on August 25, 2016, and August 24, 2016; Defendants Takara, Franklin, Herrick, and Brosmer on August 27, 2016; and Defendant Garcia on August 26, 2016.

Plaintiff further alleges that Defendant Davis blocked Plaintiff's mail and inmate appeals in order to keep these actions under a code of silence and deny access to the courts. The defendants have also interfered with Plaintiff's mail, and are denying or refusing to process his grievances. Specifically, on July 19, 2016, and July 20, 2016, Defendant Davis would not process Plaintiff's grievances, and threw them under Plaintiff's cell door without processing them. Plaintiff also states that one of the exhibits to his Complaint is the appeal he attempted to submit.

Plaintiff attaches as exhibits to his Complaint two grievance forms each dated April 26, 2015 and two Third Level Appeal Decisions dated April 17, 2015, and August 24, 2015, respectively. The Third Level Appeal Decision dated April 17, 2015, concerns Plaintiff's complaint that prison staff are "inappropriately removing placing medication in Plaintiff's meal." The appeals examiner appears to have denied Plaintiff's appeal on the basis that "staff

attested they were not placing any medication inside of the appellant's food." (ECF No. 1 at 17.)

On July 5, 2017, the moving defendants filed a motion to dismiss. (ECF No. 25). The moving defendants argued that the Complaint fails to state a claim and that Plaintiff failed to exhaust his administrative remedies. On November 30, 2017, the Court issued findings and recommendations granting the motion to dismiss in part and denying it in part. (ECF No. 40). The Court found that Plaintiff stated a claim for violation of his Fourteenth Amendment right to due process by alleging that he was forcibly medicated without procedural requirements against Defendants. *Id.* at 5. The Court also recommended dismissal of Plaintiff's claim concerning the prison grievance system, but declined to recommend dismissal of the action based on a failure to exhaust administrative remedies. *Id.* at 6. The findings and recommendations were adopted in full on January 30, 2018. (ECF No. 42). On February 13, 2018, the moving defendants filed their Answer to the Complaint. (ECF No. 43).

On February 14, 2018, the Court issued an order requiring initial disclosures within 30 days. (ECF No. 44). The moving defendants filed their initial disclosures on March 15, 2018, (ECF No. 50), and on April 25, 2018, informed the Court that Plaintiff had failed to provide his initial disclosures, (ECF No. 53). On May 14, 2018, the Court held an Initial Scheduling Conference at which the parties discussed Plaintiff's failure to serve initial disclosures. (ECF No. 55). Upon motion by Plaintiff, (ECF No. 51), the Court directed the parties to treat ECF Nos. 71 ad 72 in *Gonzales v. Podsakoff*, No. 1:15-cv-00924-DAD-SKO (E.D. Cal. Feb. 26, 2018), as Plaintiff's initial disclosures, and directed Plaintiff to supplement his disclosures by no later than June 13, 2018. (ECF No. 57). The Court also stayed all discovery, except discovery pertaining to whether Plaintiff exhausted his administrative remedies, and directed the moving defendants to file a motion for summary judgment by no later than July 13, 2018. *Id.*

On July 2, 2018, Plaintiff filed his opposition to a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 61). On July 10, 2018, the moving defendants filed their summary judgment motion, (ECF No. 58), and their reply on September

21, 2018. (ECF No. 63).

Now before the Court is the motion for summary judgment.

**III.    LEGAL STANDARDS**

   **A. Administrative Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 136 S.Ct. 1850, 1857, 1859 (2016).

As discussed in *Ross*, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.
>
> . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—*i.e.*, some mechanism exists to provide relief, but no ordinary prisoner can navigate it.
>
> . . .

4

> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859–60 (internal citation omitted). "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

Section 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the "critical procedural rules" of that process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The PLRA does not require that a prisoner identify in his initial prison grievance each of the defendants later sued in federal court; rather, to the extent that any such requirement may exist, it must come from prison regulations prescribing the grievance process for that prison. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)); *see also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies . . . .").

Within thirty days of an aggrieving incident, an inmate may submit a grievance. Cal. Code Regs., tit. 15, § 3084.8. The inmate must "'provide enough information . . . to allow prison officials to take appropriate responsive measures.'" *Griffin v. Arpaio*, 557 F.3d 1117,

5

1121 (9th Cir. 2009) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)). The inmate must identify all the staff members involved in the incident, and must include all relevant supporting documents sufficient to clarify the issues or to facilitate resolution of the appeal issue. Cal. Code Regs., tit 15, § 3084.2(a)(3) ("The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.").

An inmate's grievance fails to exhaust allegations against a staff member when the inmate does not provide enough information to put the institution on notice that the staff member was involved in the aggrieving incident. *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (finding that an inmate did not exhaust administrative remedies as to a defendant who was not named in an exhausted grievance or in a grievance for which the inmate's failure to exhaust could be excused). However, an inmate need not specifically name each staff member involved when prison officials are otherwise aware of the staff members involved. *Reyes*, 810 F.3d at 659 (finding prison officials had "full notice" of an inmate's claims against individual doctors who, although not named directly in a grievance, were members of a committee that made the decision challenged by the inmate.).

**B.    Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). "A party asserting that a fact cannot be disputed must support the assertion by: (a) citing to particular parts of materials in the record, including depositions, documents, electronically

stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded factfinder could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

"Once the moving party meets its initial burden, the non-moving party must 'go beyond the pleadings and by [his] own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Burch v. Regents of Univ. of Cal.*, 433 F.Supp.2d 1110, 1125 (E.D. Cal. 2006) (quoting *Celotex Corp.*, 477 U.S. at 324). "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable

inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record… from which a reasonable inference… may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (quoting *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 258 (1983)).

Exhaustion is "an affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones*, 549 U.S. at 204). Thus, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendants." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

## IV. ANALYSIS OF MOTION FOR SUMMARY JUDGMENT

The moving defendants contend that Plaintiff failed to properly exhaust his administrative remedies because he did not submit a grievance identifying the staff members causing him injury and providing as much detail as possible about the events underlying the present action within thirty days of the alleged incidents. The moving defendants argue that the records maintained by the institution do not reflect that Plaintiff submitted a grievance regarding the conduct of Defendant Davis within thirty days of July 19 or 20, 2016, nor that he submitted any administrative grievance relating to the defendants' depriving him of procedural rights within thirty days of August 24 and 27, 2016.

In support of their argument, the moving defendants proffer the institutional records of seven staff complaint grievances submitted by Plaintiff while incarcerated at CCI in 2016: CCI-0-16-00570, CCI-0-16-00615, CCI-0-16-00808, CCI-0-16-00845, CCI-0-16-01431, CCI-0-16-

8

01565, and CCI-0-16-01604. The moving defendants also offer the declaration of J. Wood. (ECF No. 58-2). Mr. Wood states that a thorough search of institutional records for the relevant period revealed only the seven grievances. CCI-0-16-00570 and CCI-0-16-00615 addressed complaints of excessive force, while CCI-0-16-01431 addressed complaints that Officer Davis confiscated Plaintiff's personal property and denied him property. CCI-0-16-01565 addressed mail tampering by Officers Escalante, Franklin, and Takara, and CCI-0-16-01604 addressed complaints that Officer Escalante brings inmates to kick and bang on Plaintiff's cell door.

On May 30, 2016, Plaintiff submitted CCI-0-16-00808, stating that two correctional officers, Harris and Gibbons, used excessive force against him when he asked to see a sergeant or a nurse regarding whether they put medications in Plaintiff's food. On June 7, 2016, Plaintiff submitted CCI-0-16-00845, in which he alleges that Officers Harris and Gibbons used excessive force against him on May 30, 2016, when he sought to complain to a sergeant about three unit officers medicating his meals. Neither of the grievances mentioned Defendants in this action. Hence, the grievances fail to exhaust allegations against the individual officers in this action as the grievances do not provide enough information to put the institution on notice that the officers were involved in the aggrieving incident.

The moving defendants also offer the declaration of S. Gates, the Chief of the Health Care Correspondence and Appeals Branch. S. Gates states that she or he has reviewed Plaintiff's health care appeal/grievance history, and can confirm that Plaintiff did not submit any health care appeals relevant to Plaintiff's claims in this action that were either screened out or accepted for review. Plaintiff submitted three health care grievances while incarcerated at CCI: CCI-HC-16038066, submitted on April 28, 2016, requesting medication refill, counseling for staff, and a radio; CCI-HC-16038339, submitted on August 17, 2016, regarding the denial of a radio and television; and CCI-HC-16038366, submitted on August 24, 2016, regarding his placement in CCCMS housing for inmates with mental health concerns. None of the health care grievances concerned Defendants in this action or that Defendants were medicating Plaintiff's meals.

The moving defendants also offer the declaration of M. Voong, Chief of the Office of

Appeals, who states that a thorough search of the appeals records revealed neither appeals that were accepted and adjudicated at the third level of administrative review, nor appeals accepted and screened out that specifically addressed the allegations in this action or identify Defendants in this action.

The moving defendants have met their initial burden of establishing that there was an available administrative remedy, and that Plaintiff did not exhaust the available remedy. The grievances filed by Plaintiff do not adhere to the procedural rules of the administrative grievance system, which require prisoners to identify all staff member involved in an incident, and do not provide full notice of the claims in this action to allow prison officials to take appropriate responsive measures. Thus, the burden now shifts to Plaintiff to go beyond the pleadings and by his own affidavits to designate specific facts showing that there is a genuine dispute of material fact such that the moving defendants are not entitled to summary judgment.

Plaintiff propounds several categories of arguments in opposition to the motion for summary judgment. First, Plaintiff argues that he tried to file a timely grievance, but the administrative remedy was unavailable to him because Officer Davis refused to process the grievance. As exhibit E to his opposition, Plaintiff offers copies of several grievances he says "are the 602s [he] tried to file" and Officer Davis "tossed back under [his] door." The grievances, however, fail to show that the administrative procedure was unavailable to Plaintiff.

The first grievance is a Health Care Services Request Form dated August 2, 2016, that states, "I was at the food port on 7-31-16 when C/O Chaves and Escalante refused to listen to my mail theft complaint so Escalante pepper sprayed me and they both smashed my hand in the tray port. I've been trying to get medical care since 7 31 16. All has been covered up even 602." (ECF No. 61 at 25). However, the Health Care Services Request Form does not pertain to the claims in this action. Plaintiff states only that Defendant Escalante and Officer Chaves used excessive force against him, and does not state that any defendant forcibly medicated his food or violated his due process rights. Thus, the Health Care Services Request Form fails to establish that the administrative procedure was rendered unavailable to Plaintiff.

The second purported grievance is dated July 4, 2016, and states, "Officers Chaves and

other 7 unit staff have been placing dangerous drugs in my meals saying inmates are telling them I'm masterbating [sic]. The officers are also Reyes, Jones, Garrett. I'm suffering side affects [sic] from drugs." (ECF No. 61 at 24, 26). This grievance also does not state that any of the defendants in this action forcibly medicated Plaintiff's food or violated his due process rights. In the grievance, Plaintiff states that correctional officers Chaves, Reyes, Jones, and Garett are responsible for medicating his meals, while in this action Plaintiff alleges that officers J. Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, Franklin, and A. Takara are responsible for medicating his meals.

Plaintiff also does not identify a class of officers from which prison officials could identify the individual staff members named in this action. For example, in the grievance dated July 4, 2016, Plaintiff states that "7 unit staff" were medicating his meals, but identifies officers Chaves, Reyes, Jones, and Garett as the officers responsible. The grievance fails to exhaust allegations against the individual officers in this action as the grievance does not provide enough information to put the institution on notice that the officers were involved in the aggrieving incident. Thus, the July 4, 2016 grievance does not adhere to the procedural rules of the administrative grievance system, which require prisoners to identify all staff member involved in an incident, and does not provide enough information to put the institution on notice of the claims in this action and to allow prison officials to take appropriate responsive measures.

Plaintiff also annexes as Exhibit F to his opposition an additional purported grievance as evidence of his further attempts to exhaust his administrative remedies. In the grievance, which is dated February 16, 2017, Plaintiff states, "C/O Ferio and all other 4A-IR staff and nurses have been medicating my meals the acids have caused injury to my throat." (ECF No. 61 at 28). The grievance, however, was filed well beyond thirty days of the aggrieving incidents alleged in this action. Moreover, Plaintiff filed the grievance after he commenced this action. Thus, the grievance fails to establish that Plaintiff exhausted his administrative remedies prior to filing this action.

Second, Plaintiff appears to assert that grievances predating the incidents alleged in this

11

action should suffice to exhaust his administrative remedies for the claims in this action. Plaintiff contends that he exhausted his administrative remedies on the issue of forcible medication while he was in the security housing unit. Plaintiff explains that he was moved from California State Prison – Corcoran ("CSP") to CCI, but remained in the security housing unit. Plaintiff asserts, "so the aforesaid 602 appeal # _____ was in affect [sic] a valid exaustion [sic]." It is unclear to which grievance Plaintiff is referring, or whether he is arguing that his placement in the security housing unit impeded his ability to file a grievance. In any event, grievances submitted before the incidents alleged in a complaint do not exhaust claims asserted in the complaint.

Plaintiff also argues that grievances are good for two to four years for monetary compensatory and injunctive relief. Plaintiff appears to be referring to the two-year statute of limitations for filing a personal injury action in California. However, Plaintiff's apparent contention that the statute of limitations has not run on a prior grievance does not establish that he exhausted any grievance as to the claims at issue in this action.

As exhibit G to his opposition, Plaintiff offers copies of several grievances he contends he exhausted. (ECF No. 61 at 37-59). The grievances were filed while Plaintiff was incarcerated at CSP in 2014 and 2015, and pertain to officers medicating his food or refusing to provide him with food. In one grievance dated September 11, 2014, Plaintiff states, "C/O Ponce and Padsokoff have been medicating my meals now they are denying me my dinner because of a settlement they are mad I got from the prison." (ECF No. 61 at 40). The grievance was denied at the third level of review, and Plaintiff was informed of the decision by letter dated April 17, 2015. *Id.* at 38.

This grievance fails to establish that Plaintiff exhausted his administrative remedies. The grievance does not pertain to any of the defendants in this action. In fact, the events alleged in the grievance took place at CSP, while the events in this action took place at CCI. Moreover, the grievance was filed well in advance of incidents alleged in this action. As aforementioned, grievances submitted before the incidents alleged in a complaint do not exhaust claims asserted in the complaint. Thus, the grievance fails to provide prison officials with full notice of the

claims in this action, and cannot serve to exhaust the claims alleged in this action.

Third, Plaintiff argues that exhaustion of a second grievance would be futile because he is in imminent danger. Plaintiff explains that since 1994, he has filed numerous grievances concerning officers medicating his food, but the grievances have been denied under a code of silence without proper investigation. Plaintiff further contends the administrative exhaustion requirement is unconstitutional, especially in an imminent harm lawsuit.

Plaintiff's arguments again fail, however, to establish a circumstance that rendered the administrative grievance process unavailable to him. Plaintiff states that he has filed numerous grievances concerning officers medicating his food since 1994. That Plaintiff has been complaining of medication in his food throughout various prisons for 24 years demonstrates that he is not in imminent danger of harm. But, Plaintiff's arguments also do not establish that the administrative grievance process was unavailable to Plaintiff because prison officials were "consistently unwilling to provide any relief" to him. On the contrary, Plaintiff has offered evidence that at least one of his grievances concerning potential medication in his food was investigated by prison officials. In the Third Level Appeal Decision dated April 17, 2015, attached as an exhibit to the Complaint, prison officials reviewed Plaintiff's grievance stating that prison staff were inappropriately placing medication in his meal and denied the grievance after finding that "staff attested they were not placing any medication inside of the appellant's food." (ECF No. 1 at 17). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *See Booth*, 532 U.S. at 736. Plaintiff cannot bypass the administrative grievance process because his numerous grievances were denied or because an investigation did not produce the results he desired.

Lastly, Plaintiff argues that his allegations that Officer Davis's failure to process his grievances made the administrative remedies unavailable to him should be taken as true. However, Plaintiff may not oppose a motion for summary judgment simply by relying on the allegations in his Complaint. Plaintiff must "'go beyond the pleadings and by [his] own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Burch*, 433 F.Supp.2d at 1125

13

(quoting *Celotex Corp.*, 477 U.S. at 324).

The moving defendants have met their initial burden of establishing that Plaintiff failed to exhaust his administrative remedies before commencing this action by proffering evidence demonstrating that Plaintiff did not file and prosecute a grievance concerning the defendants and issues in this action to the third level of review. In rebuttal, Plaintiff has failed to meet his burden of establishing that there is a genuine of material fact on the issue of exhaustion. Plaintiff does not argue that he properly exhausted his administrative remedies by filing and obtaining a decision at the third level of review on the issues and defendants in this action; instead, he propounds several unavailing arguments in opposition to the motion for summary judgment.

While it appears that Plaintiff did submit, or attempted to submit, timely grievances about his concern that officers were medicating his food, the grievances concerned Officers Harris, Gibbons, Chaves, Reyes, Jones, and Garett, and did not suggest that additional officers were involved in putting medications in Plaintiff's meals. In contrast, the cognizable claims in this action are against specific defendants (J. Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, Franklin, and A. Takara) for their alleged specific actions in violating Plaintiff's due process rights. This action does not concern claims that Plaintiff believed that unspecific officers over any unspecified amount of time were medicating Plaintiff's meals. Such allegations would be fanciful and frivolous, and would not state a cognizable claim under the applicable federal law. Plaintiff has failed to designate specific facts showing either that he did exhaust his administrative remedies or that the administrative remedies were unavailable to him, and thus, the moving defendants are entitled to judgment as a matter of law.[1] Accordingly, the Court recommends that the assigned district judge grant summary judgment to Defendants Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, and A. Takara.

---

[1] The moving defendants also argue the that Plaintiff should be barred from relying on any documents not disclosed to them because Plaintiff failed to comply with the Court's order to produce supplemental initial disclosures. The Court does not reach this argument as it finds that Defendants are entitled to judgment as a matter of law.

## V. SUMMARY JUDGMENT PURSUANT FED. R. CIV. P. 56(f)(1)

Pursuant to Fed. R. Civ. P. 56, after giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant. Fed. R. Civ. P. 56(f)(1). However, "a court may grant summary judgment without notice if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.'" *In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998) (quoting *In re Harris Pine Mills*, 44 F.3d 1431, 1439 (9th Cir. 1995)); *see also Celotex*, 477 U.S. at 326 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming *sua sponte* award of summary judgment in favor of a nonappearing party).

Defendant Franklin has not been located for service and has not appeared in this action. Nevertheless, the record before the Court reveals that Defendant Franklin is entitled to judgment as a matter of law as Plaintiff has failed to exhaust his administrative remedies against all the named defendants in this action. The moving defendants have produced records of all appeals filed by Plaintiff while he was incarcerated at CCI in 2016. None of the grievances pertain to the claims against Defendant Franklin in this action. Plaintiff has had ample opportunity to present evidence establishing either that the administrative grievance process was unavailable to him or that he exhausted his claims against the named defendants to the third and final level of review. Plaintiff has done neither. Thus, the record before the Court establishes that Plaintiff did not exhaust his administrative remedies on the claims in this action against Defendant Franklin. Accordingly, the Court recommends that the assigned district judge grant judgment as a matter of law to Defendant Franklin and dismiss all claims against said defendant.

## VI. CONCLUSION AND RECOMMENDATIONS

For foregoing reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies concerning his claims against the defendants before filing this action. The Court recommends granting summary judgment to Defendants Garcia, A. Herrick, L. Escalante, M.

Rodriguez, T. Brosmer, T. Davis, B. Zavala, and A. Takara pursuant to Fed. R. Civ. P. 56(a), and granting judgment as a matter of law to Defendant Franklin and dismissing all claims against said defendant pursuant to Fed. R. Civ. P. 56(f)(1) based on Plaintiff's failure to exhaust his available administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that**:**

1. Defendants Garcia, A. Herrick, L. Escalante, M. Rodriguez, T. Brosmer, T. Davis, B. Zavala, and A. Takara's motion for summary judgment, (ECF No. 58), be granted;
2. Defendant Franklin be granted judgment as a matter of law pursuant to Fed. R. Civ. P. 56(f)(1) and the claims against said defendant be dismissed; and
3. The Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within thirty (30) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE